J. W. Armstrong *et al., Appellants,* v. Smith George *et al., as the Board of County Commissioners, etc., et al., Appellees.*

No. 16,879.

SYLLABUS BY THE COURT.

1. Words and Phrases—*"Established"*—*High Schools.* A high school is established within the purview of chapter 210 of the Laws of 1909, concerning high schools, when it is brought up to the standard and meets the requirements prescribed in the Barnes high-school law (Laws 1905, ch. 397), although the school was in existence when the last-named act took effect.

2. Constitutional Law—*Title of an Act.* The title of chapter 210 of the Laws of 1909 is sufficient, within the constitutional requirement that the subject of a bill shall be clearly expressed in the title.

3. ———— *Validity of Statutes Relating to High Schools.* Objections to the constitutionality of the Barnes law and chapter 210 of the Laws of 1909, concerning high schools, are not sustained. (The cases of *Board of Education v. Allen County,* 82 Kan. 782, and *The State v. Pauley,* 83 Kan. 456, followed.)

Appeal from Saline district court. Opinion filed March 11, 1911. Affirmed.

STATEMENT.

This action was commenced to enjoin the collection of a tax levied in the year 1909 for the maintenance and support of three high schools in Saline county. These schools were in existence before the passage of the Barnes high-school law (Laws 1905, ch. 397), but their courses of study were afterward revised and the schools were made to conform to the requirements of that law. This was done in the high school in the city of Salina in June, 1906, and in the others in the summer of 1907. At the general election in 1906, the proposition to adopt the Barnes law in Saline county having been submitted, a majority of those voting upon the proposition voted in favor of its adoption, but it

failed to receive a majority of the votes cast at the election. The proposition was declared adopted, and a tax was levied in the year 1907 which was collected and applied for the support of these high schools. A tax was again levied for the same purpose in the year 1908, but its collection was enjoined by the district court, which held that the Barnes law had not been legally adopted in the county. The proposition has never been resubmitted in Saline county. After the passage of chapter 210 of the Laws of 1909 a tax was again levied for the support of these high schools, which is the tax the plaintiffs, who are taxpayers of the county, seek to enjoin. The court held that the act last referred to was effectual and refused the injunction. The plaintiffs appeal.

*Thomas L. Bond,* and *Z. C. Millikin,* for the appellants.

*J. O. Wilson, Frank T. Knittle, H. C. Tobey, C. W. Burch,* and *B. I. Litowich,* for the appellees.

The opinion of the court was delivered by

BENSON, J.: Nearly all of the objections to the tax which the plaintiffs seek to enjoin were urged in *The State v. Pauley,* 83 Kan. 456, and held to be insufficient. The contention in that case, however, that the high schools in Marshall county had not been established under the Barnes law, was disposed of by construing the agreed statement and pleadings as admitting that the schools had been so established. In this case the court found:

"That no new high schools were established in Saline county, Kansas, under the provisions of chapter 397 of the Laws of 1905, as originally passed or as subsequently amended, but that the existing high schools in the city of Salina and in school districts 82 and 22 were brought up to the required standard and made to conform to the provisions of said act, so far as districts 82 and 22 were concerned, in the summer of 1907."

It is urged that this finding precludes the application of the act of 1909 (Laws 1909, ch. 210, § 1, Gen. Stat. 1909, § 7809) to these schools. That act, by its express terms, relates only to schools which have been established and maintained for one year under the provisions of the Barnes law (Laws 1905, ch. 397, Gen. Stat. 1909, § 7792 *et seq.*), as amended. It is contended that a school which was in existence when the Barnes law took effect is not *established* under that law—that to establish means to create, to found, or to institute. On the other hand the defendants' contention is that to establish, as used in the statute, means to make stable; to confirm; to secure on a firm basis, as by recognition or favor. These definitions are taken from Webster's dictionary, and merely show that the word may be used in different senses. Referring to the original Barnes act, it will be observed that existing schools could come under its operation if the conditions and courses of study therein were made to conform to its provisions, and no levy could be made until one or more such high schools had been maintained in the county the preceding school year. When these conditions were complied with the schools were entitled to recognition and support under the act, and in this sense were established under its provisions. The act of 1909 was, as indicated in the Pauley case, *supra,* adopted to make the provisions of the Barnes law effective in the counties where a majority of those voting upon the proposition had voted for its adoption. The provision in the act of 1909 making the law applicable in counties where high schools had been established and maintained for one year under the Barnes law was in harmony with that law, and conferred the benefits of the later statutes upon schools existing, maintained and recognized as within the purview of the original act. The status of any high school by which it may come under the operation of the law is established when it is made to conform to the requirements of the

Barnes law. If it has been so established and maintained for one year, it is within the operation of the act of 1909. Reported cases might be cited wherein the word "establish" has been held practically synonymous with create, while others have held the meaning of the word to be to confirm, or to ascertain and fix, or settle. (3 Words & Ph. Jud. Def. pp. 2469-2474; 16 Cyc. 591.) The particular sense in which the word is used must be determined by the context and the manifest intent and scope of the statute. In determining the import of this word in a statute of Alabama the supreme court of that state said:

"It is as often employed to signify the putting or fixing on a firm basis, of putting in a settled or an efficient state or condition, an existing legal organization or institution, as it is to found or set up such organization or institution; the one meaning is as little recondite, abstruse, or obscure as the other." (*The State ex rel. &c. v. Rogers et al.*, 107 Ala. 444, 453.)

The former judgment restraining the collection of the tax of 1908 is not an adjudication of the validity of the tax levied under authority of the act of 1909. (*Shepherd v. Kansas City*, 81 Kan. 369.)

The sufficiency of the title of the curative act of 1909, although not directly referred to in *The State v. Pauley*, 83 Kan. 456, was involved in the decision. It is "an act concerning high schools." The precise matter treated in the body of the act is plainly indicated in the title. It is said that as the act relates to proceedings under the former statute it is retroactive, and that this feature is not suggested by the title. A like claim was made in *Leavenworth v. Water Co.*, 69 Kan. 82, but was not sustained. (Syl. ¶ 6.)

A vigorous and able argument is made in support of the claim that the Barnes law and the act of 1909 are both unconstitutional. The reasons urged in support of this contention were considered in *Board of Education v. Allen County*, 82 Kan. 782, and in *The*

*State v. Pauley,* supra, and need not be reviewed. Adhering to the views expressed in the cases named, the judgment is affirmed.