No. 24,201.

THE STATE OF KANSAS, ex rel. JOHN E. WHEELER, as County Attorney of Marion County, *Appellee*, v. THE BOARD OF EDUCATION OF THE CITY OF FLORENCE et al., *Appellants*.

SYLLABUS BY THE COURT.

1. ANNEXATION OF SCHOOL DISTRICT—*Adjacent to a Consolidated Union School District—Statute Construed*. The provisions of chapter 230, Session Laws of 1921, regulating the manner in which a school district contiguous to a consolidated or union district "already established under the act of 1911," might become a part of such consolidated district, is held to apply to a consolidated or union district already in existence at the time chapter 275, Laws of 1911, was enacted, the expression "already established" as used in section 1 of the act of 1921 being construed to mean putting in a settled or an efficient state or condition an existing legal organization. (*Armstrong v. George,* 84 Kan. 248, 114 Pac. 209.)

2. SAME—*Provision of Statute Ignored—Annexation Void*. In an action attacking the validity of proceedings by which it was attempted to consolidate a school district with a union district which had been in existence since 1908, it is held that the failure to comply with the requirements of chapter 230 of the Session Laws of 1921 rendered the proceedings void.

Appeal from Marion district court; CASSIUS M. CLARK, judge. Opinion filed June 10, 1922. Affirmed.

*H. E. Ganse,* and *Gilbert Frith,* both of Emporia, for the appellants; *J. C. Ruppenthal,* and *G. W. Holland,* both of Russell, of counsel.

*John E. Wheeler, W. H. Carpenter,* and *W. R. Carpenter,* all of Marion, for the appellee.

The State, ex rel., v. Board of Education.

The opinion of the court was delivered by

PORTER, J.: Under the law as it existed in 1908 school districts No. 4 and No. 23, which include the city of Florence, in Marion county, were consolidated as union district No. 4. Subsequently the legislature enacted chapter 275 of the Laws of 1911, governing the consolidation of school districts, and under that act school district No. 3 was attached to union district No. 4.

Under chapter 230 of the Session Laws of 1921 the legislature provided the manner in which a school district contiguous to a consolidated or union district already established under the act of 1911 might become a part of such union district. School district No. 77 of Marion county lies contiguous to union district No. 4, and in July, 1921, an attempt was made to attach it to No. 4, but in the proceedings the requirements and provisions of chapter 230 of the Laws of 1921 were entirely ignored. The purpose of this action is to prevent the board of education of the city of Florence from exercising jurisdiction and control over the property and affairs of school district No. 77. The plaintiff prevailed, and the defendants appeal.

The question in the case arises over the construction to be given to certain language in section 1 of the act of 1921, which reads:

"That any school district in the state of Kansas, adjacent or contiguous to a consolidated or union district *already established* under the provisions of chapter 275 of the Session Laws of the state of Kansas for 1911, shall become a part of said consolidated or union district upon complying with the following requirements:"

The defendants insist that union school district No. 4 was not already established under the act of 1911, but on the contrary that it was established under the law as it stood in 1908. In the last analysis, the case turns upon the meaning of the word "established" as used in the statute of 1921. A similar question was before the court in *Armstrong v. George,* 84 Kan. 248, 114 Pac. 209, where it was ruled:

"A high school is established within the purview of chapter 210 of the Laws of 1909, concerning high schools, when it is brought up to the standard and meets the requirements prescribed in the Barnes high-school law (Laws 1905, ch. 397), although the school was in existence when the last-named act took effect." (Syl. ¶ 1.)

In the course of the opinion, Justice Benson said:

"It is contended that a school which was in existence when the Barnes law took effect is not *established* under that law—that to establish means to create,

to found, or to institute. On the other hand the defendants' contention is that to establish, as used in the statute, means to make stable; to confirm; to secure on a firm basis, as by recognition or favor. These definitions are taken from Webster's dictionary, and merely show that the word may be used in different senses. . . . The status of any high school by which it may come under the operation of the law is established when it is made to conform to the requirements of the Barnes law. If it has been so established and maintained for one year, it is within the operation of the act of 1909. Reported cases might be cited wherein the word 'establish' has been held practically synonymous with create, while others have held the meaning of the word to be to confirm, or to ascertain and fix, or settle. (3 Words and Ph. Jud. Def. pp. 2469-2474; 16 Cyc. 591.) The particular sense in which the word is used must be determined by the context and the manifest intent and scope of the statute. In determining the import of this word in a statute of Alabama the supreme court of that state said:

"It is as often employed to signify the putting or fixing on a firm basis, of putting in a settled or an efficient state or condition, an existing legal organization or institution, as it is to found or set up such organization or institution; the one meaning is as little recondite, abstruse, or obscure as the other." (*The State, ex rel. &c., v. Rogers et al.*, 107 Ala. 444, 453.)" (p. 250.)

We think beyond question that since the enactment of chapter 275 of the Laws of 1911, union school district No. 4 has performed its functions solely under the provisions of that act, although the district existed as a union district under previous statutes. The effect of chapter 275, Laws of 1911, was to settle upon a firm basis the organization of district No. 4 which was already in existence. The act of 1911 expressly repealed all previous laws under which district No. 4 had been established. Therefore, it must be held that at the time the act of 1921 was passed, district No. 4 was a consolidated or union district already established and performing its functions under the provisions of the act of 1911. We have not set forth any of the requirements of the act of 1921 because it is conceded that in the attempt to attach district No. 77 to union district No. 4, the requirements and provisions of the act of 1921 were wholly ignored.

We agree with defendants' suggestion in the brief that the law is cumbrously and inaptly worded. Apparently the draughtsman was much concerned lest it might be thought the legislature was attempting to enact a law which would affect the people of Arkansas or Massachusetts or some other state. Twice the superfluous expression, "in the state of Kansas," appears. We agree, also, that the law might well have read, "any school district adjacent or contiguous to a consolidated or union district shall become a part of such con-

solidated or union district," etc. However, the intention of the legislature is not in doubt.

This disposes of the only question presented to the trial court, and it follows that the judgment is affirmed.